# CHARLESTON.

## DEEGAN v. COUNTY COURT OF LOGAN COUNTY.

### Submitted March 21, 1916.   Decided March 28, 1916.

1. MANDAMUS—*Subjects of Relief—Division of Voting Precinct.*

    It is the imperative duty of the county court of a county, at its first regular term next succeeding a regular election, to divide any voting precinct in the county, wherein the number of votes cast is shown by the election returns to be greater than 250, and to establish voting places therein. If it should fail or refuse to do so, it may be compelled by mandamus. ` (p. 86).

2. ELECTIONS—*Voting Precincts—Division by County Court.*

    It is likewise the duty of a county court to divide any voting precinct in the county, which is shown by satisfactory proof to contain more than 250 legal voters, notwithstanding the returns of the last election showed fewer than 250 votes were cast therein. But the county court has a reasonable discretion as to the time when a division of such precinct shall be made; provided, however, the time be not extended so as to make a division impossible before the beginning of the ninety days next prior to a regular election. (p. 86).

Petition by O. J. Deegan for mandumus to the County Court of Logan County and others.

*Writ awarded as to part of relief prayed for, and refused as to part.*

*E. T. England,* for petitioner.

*Chafin & Bland,* for respondents.

WILLIAMS, PRESIDENT:

O. J. Deegan, a citizen and voter of Logan County, has applied to this court for a writ of mandamus to compel the county court of said county to divide the following precincts, viz.: Precincts Nos. 1, 4, 5, 6 and 12, all in Logan district; and precincts Nos. 2 and 3, both in Tridelphia district, all in the said county of Logan, on the ground that each of said precincts contains more than 250 legal voters.

In its return to the alternative writ, respondent avers that the matter of dividing precincts Nos. 4, 6 and 12, in Logan

district, and precinct No. 2, in Tridelphia district, and establishing voting places therein, is now pending before it, and was so pending when the alternative writ issued; that the court met pursuant to the call of the president for the consideration thereof, on the 9th of March, 1916, but not then being advised as to where the dividing lines of said precincts should be established, appointed three commissioners to ascertain and report thereon to said court, and continued further consideration of the matter until the next regular term, which is to be held on the 3rd of April, 1916. It also claims in its return that none of the aforesaid precincts can be then lawfully divided, in view of the provisions of sec. 6, ch. 3, Code 1913, nor until after the primary election, provided for by ch. 26, Acts 1915, and which is to be held in each election precinct throughout the State, on the first Tuesday in June, 1916, because that date is less than ninety days off. The following provisions of sec. 6, ch. 3, viz.: "provided further, that no such change, division or consolidation shall be made by the county court within ninety days next preceding an election," does not relate to the primary election, provided for by a subsequent act of the Legislature for the nomination of candidates for offices. That provision relates only to a final election at which public officers are elected.

It is averred in the alternative writ, and not denied in the county court's return thereto, that the returns of the last general election showed, in each of the following precincts, that more than 250 votes were cast, viz.: precincts Nos. 4, 6 and 12 in Logan district, and precinct No. 2 in Tridelphia district. Hence, respecting the division of those districts, the county court has been in default ever since its first regular term, next after the last general election. The returns of that election showing that more than 250 votes had been cast in each of the aforesaid precincts, it was the imperative duty of the county court to divide them and establish voting places therein, at its first regular term next after such election. Such is the express mandate of the statute. Sec. 5, ch. 3, Code 1913.

Although it did not appear from the returns of the last general election, that precincts Nos. 1 and 5, in Logan district,

and No. 3, in Tridelphia district, or any one of them, contained as many as 250 voters, still relator avers that each of them does now contain more than 250 legal voters, and exhibits an enumeration of the legal voters residing in precinct No 5 in Logan district, recently taken by him, and verified by his affidavit, showing that said precinct contains 403 legal voters; and by a like enumeration of the legal voters now residing in precinct No. 3 in Tridelphia district, recently taken by Buren Browning and verfied by his affidavit, that there are in that precinct 453 legal voters. He also avers that there are now residing in precinct No. 1, in Logan district, more than 250 legal voters. Respondent does not deny those averments, but insists that there is yet ample time for it to make division of the last mentioned precincts, before the next regular election, and indicates its purpose to do so at some future regular term. While we are clearly of the opinion that it is the duty of the county court to divide a precinct, when it is proven to contain more than 250 legal voters, although at the last preceding regular election there may have been cast therein fewer than 250 votes, still we think it has a reasonable discretion as to the time of doing so. Sec. 5, ch. 3, Code 1913, expressly says: "no precinct shall contain more than two hundred and fifty voters," thus showing a legislative purpose, or policy, to limit the number of voters in any precinct, at most, to that number; and the county court is the only tribunal authorized to establish such precincts. But, notwithstanding it is the imperative duty of the county court to divide a precinct, proven to contain more than 250 legal voters, still the statute contains no express command that it shall do so at any particular time, as in the case where the number of voters is shown by the last regular election to be more than 250, and, therefore, in all such cases it has a reasonable discretion as to the time; provided, however, it be done more than ninety days next preceding a regular election. As to the three last named precincts the county court of Logan County is not in default. It has ample time yet, within which to divide those districts and establish voting places therein. It can and, for aught the return shows, may attend to the matter at its next regular term to be held on April 3rd. It can not, however, delay con-

sideration thereof until it is too late to act before the beginning of the ninety days next prior to the regular election to be held in November next.

As to precincts Nos. 4, 6 and 12, in Logan district, and precinct No. 2, in Tridelphia district, the writ will be awarded; and as to precincts Nos. 1 and 5, in Logan district, and No. 3, in Tridelphia district, it will be refused.

*Writ awarded as to part. Refused as to part.*